Honorable Bob Bullock Comptroller of Public Accounts L.B.J. State Office Bldg. Austin, Texas 78774
Re: Whether the county attorney of Fayette County is entitled to be compensated as a district attorney (RQ-2084)
Dear Mr. Bullock:
You ask whether the county attorney of Fayette County is entitled to be compensated as a district attorney.
Section 24.254 of the Government Code provides that the 155th Judicial District is composed of Austin, Fayette, and Waller Counties. Section 43.160 of the Government Code states the "voters of Austin and Waller Counties elect a district attorney for the 155th Judicial District who represents the state in that district court only in those counties."
Section 45.175 of the Government Code provides that in "Fayette County the county attorney shall perform the duties imposed on and have the powers conferred on district attorneys by general law."
You direct our attention to section 46.001 of the Government Code that provides county attorneys performing the duties of district attorney are "prosecutors" under the Professional Prosecutors Act. See Gov't Code ch. 46. Section 46.003(a) provides that each "prosecutor is entitled to receive from the state compensation equal to 90 percent of the compensation that is provided for a district judge in the General Appropriations Act." Acts 1989, 71st Leg., ch. 1254, § 2, at 5057 (effective September 1, 1989, as amended). However, section 46.002 delineates prosecutors subject to this chapter, which is applicable only to prosecutors in counties named in this section. Section 46.002(3) lists those county attorneys performing the duties of district attorney in designated counties as coming within the provisions of this chapter. The county attorney of Fayette County is not listed in subsection (3).
Sections 46.001 and 46.002 were both enacted at the same session of the legislature as part of Senate Bill 1228, Acts 1985, 69th Leg., ch. 480, § 1, at 1969 (effective September 1, 1985). Section 311.026(b) of the Government Code provides that if the conflict between a general provision and a special provision is irreconcilable, the special provision prevails unless the general provision is the later enactment and the manifest intent is that the general provision prevails. In the instant case, subsection (3) of section 46.002 listing county attorneys performing the duties of district attorneys in designated counties as coming within the act is the special provision.
The legislative intent that the provisions of this act apply only to county attorneys of counties listed in subsection (3) of section 46.002 is further evidenced by House Bill 600, Acts 1989, 71st Leg., ch. 811, § 1, at 3676, amending subsection (3) of section 46.002 by adding county attorneys performing the duties of district attorneys in three additional counties. Neither the original nor the amended version of 46.002 lists Fayette County. Furthermore, even though section 45.175 states that the county attorney of Fayette County has "the powers conferred on district attorneys by general law," chapter 46 is the exclusive provision governing the pay of county attorneys who perform the duties of district attorneys. We conclude that the district attorney of Fayette County does not come within the definition of "prosecutor" in section 46.001 so as to be entitled to compensation under section 46.003.
 SUMMARY
The county attorney of Fayette County is not entitled to be compensated as a prosecutor under section 46.003 of the Government Code.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Tom G. Davis Assistant Attorney General